UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
────────────────────────────────────────────

**JOHN C. BREITENBACH, Jr. as Administrator
of the ESTATE OF DEBORAH J. BREITENBACH,**

                     **Plaintiff,**

         **v.**                                      **1:15-cv-00797**

**NANCY A. CAFFREY, R.P.A.-C, MOSES-LUDINGTON
HOSPITAL, INTER-LAKES HEALTH, INC., and
TONI M. STRUM, M.D.,**

                       **Defendants.**
────────────────────────────────────────────

**THOMAS J. McAVOY,
Senior United States District Judge**

# DECISION & ORDER

## I.    INTRODUCTION

Plaintiff filed a summons and complaint in the New York State Supreme Court, County of Warren, alleging medical malpractice, negligence and wrongful death in connection with medical services provided to decedent Deborah J. Breitenbach by Dr. Strum and others at co-defendant Moses-Ludington Hospital in or about April 2014. See dkt. # 1. Plaintiff seeks monetary damages in connection with the alleged medical malpractice, negligence and wrongful death. Id. Defendants removed the action to this Court, dkt. # 1,[1] and now move to substitute the United States as the sole defendant and

---

[1] Removal was based on the certification of the United States Attorney for the Northern
(continued...)

to dismiss the action because Plaintiff failed to file an administrative action before commencing the legal action. Dkt. # 5. Plaintiff opposes the motion to dismiss, arguing that after the case was commenced it filed an administrative claim under the Federal Tort Claims Act. Plaintiff further argues that because it will have the right to recommence the action following exhaustion of the administrative claim, "reasons of judicial brevity, economy and efficiency" mitigate in favor of denying dismissal and allowing the administrative claim to run its course. Dkt. # 12, ¶¶ 10 -12.

For the reasons that follow, Defendants' motion is granted in all respects.

## II. DISCUSSION

### A. Substitution of the United States as the Defendant

When a federal employee is sued for a wrongful or negligent act, the Federal Employees Liability Reform and Tort Compensation Act of 1988 (commonly known as the Westfall Act) empowers the Attorney General, or her delegate, to certify that the employee was acting within the scope of her office or employment at the time of the incident giving rise to a claim. Tyson v. Willauer, 2002 WL 31094951, at *1, fn 1 (D. Conn. May 28, 2002)(citing 28 U.S.C. § 2679(d)(1); 28 C.F.R. § 15.3). "This certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal." 28 U.S.C. § 2679(d)(2). When such a certification is made, any civil action arising out of that incident is deemed to be an action against the United States, and the case then falls under the Federal Tort Claims Act (the "FTCA"), 28 U.S.C. §§ 1346(b),

---

[1](...continued)
District of New York that, at all times alleged in the Complaint, Dr. Strum was acting within the scope of her federal employment. See Notice of Removal, Ex. C.

2671 *et seq*. Tyson v. Willauer, 2002 WL 31094951, at *1, fn 1.

Upon removal, the United States Attorney for the Northern District of New York, a delegate of the Attorney General of the United States, certified that at all times relevant to the allegations in the Complaint, Dr. Strum was employed by Hudson Headwater Health Network ("HHHN"), a federally supported health center. Gov. Ex. B at ¶ 6; Gov. Ex. C. HHHN is a grantee of the U.S. Department of Health and Human Services, and Plaintiff seeks money damages for acts taken by an employee of HHHN within the course and scope of its operations. See Gov. Ex. B at ¶ 5 and Ex. 1. Because the Complaint alleges personal injuries incurred as a result of medical services rendered to Plaintiff while a patient of an employee of HHHN, HHHN and its employees are covered under the FTCA by operation of the Federally Supported Health Centers Assistance Act, 42 U.S.C. §§ 233(g) - (n). See 28 U.S.C.§§ 1346(b), 2401(b), 2671-2680. Accordingly, the United States is properly substituted as the sole defendant in this action, and the exclusive remedy for the allegations in the Complaint is a non-jury trial against the United States under the FTCA. Cuoco, 222 F.3d at 107; see 28 U.S.C. § 2402 ("[A]ny action against the United States . . . shall be tried by the court without a jury.").

### B. Motion to Dismiss

The FTCA waives the sovereign immunity of the United States for the common-law torts committed by its employees while acting within the scope of their employment. See 28 U.S.C. § 1346(b)(1). However, exhaustion of administrative remedies is a prerequisite to suit in federal court under the FTCA. See 28 U.S.C. § 2675(a). A plaintiff may not bring suit under the FTCA unless the plaintiff *first* brings a claim to the appropriate federal

3

agency and that agency either makes a final denial of the claim or fails to make a disposition on the claim within six months after it was filed. See id. (emphasis added). This rule applies equally where a case is removed from state court. See Motley v. United States, 295 F.3d 820, 824 (8th Cir. 2002) (affirming dismissal of case for failure to exhaust administrative remedies under circumstances substantially similar to those presented here).

It is undisputed that Plaintiff did not file an administrative claim before commencing this action. While Plaintiff's request to deny dismissal to allow the administrative proceeding to run its course makes a practical sense, it is contrary to prevailing law. In McNeil v. United States, 508 U.S. 106, 110 (1993), the Supreme Court held that the FTCA's exhaustion requirement is "unambiguous" and strict adherence to the statutory command is therefore necessary. "Following this guidance, the Second Circuit has consistently held that the FTCA's exhaustion requirement is jurisdictional and cannot be waived." Liriano v. ICE/DHS, 827 F. Supp. 2d 264, 268-69 (S.D.N.Y. 2011) (citing Garland–Sash v. Lewis, 348 Fed. Appx. 639, 642 (2d Cir. 2009)(in turn citing Celestine v. Mount Vernon Neighborhood Health Ctr., 403 F.3d 76, 82 (2d Cir. 2005); Keene Corp. v. United States, 700 F.2d 836, 841 (2d Cir. 1983))). "The requirement that prematurely filed FTCA claims be dismissed holds even when . . . the FTCA claims would be ripe if re-filed at the date of the court's decision." Id. (citing McNeil, 508 U.S. at 112–13; Tarafa v. B.O.P. MDC Brooklyn, 2007 WL 2120358, at *3 (E.D.N.Y. July 23, 2007) ("[A]lthough it is this court's view that dismissing [plaintiff's] FTCA claim and requiring him to re-file is the ultimate exercise of form over substance, this court must dismiss [plaintiff's] FTCA claim under the Supreme Court's dictates in McNeil.") (internal citation and quotation marks

4

omitted)). Therefore, the Court is required to dismiss the instant action without prejudice.[2]

## IV. CONCLUSION

Accordingly, Defendants' motion to substitute the United States as the sole defendant in this action and to dismiss the action, dkt. # 5, is **GRANTED,** and the action is **dismissed without prejudice.** Plaintiff's motions, dkt. # 18 and dkt. # 19, are **DENIED as moot**. The Clerk may close the file in this case.

**IT IS SO ORDERED**.

**Dated:** January 29, 2016

Thomas J. McAvoy
Senior, U.S. District Judge

---

[2]Perhaps in recognition of the rule cited in the text, Plaintiff recommenced the claims in this action under a different civil action number, asserting that before commencing this other action, Plaintiff exhausted administrative remedies. See Breitenbach v. Strum, 1:16-cv-11 (N.D.N.Y).